

# The Attorney General of Texas

March 21, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Senate Education Committee
Senate Chamber
Austin, Texas 78711

Opinion No. MW-6

Re: Whether the Texas Education Agency has a responsibility to issue preliminary teaching certificates or paraprofessional teaching certificates under section 11.17 of the Education Code.

Dear Senator Mauzy:

You have requested our opinion regarding the issuance of preliminary teaching certificates and paraprofessional teaching certificates by the Texas Education Agency [hereafter TEA].

Section 11.17 of the Texas Education Code, enacted in 1973, created an Advisory Council on Early Childhood Education, whose stated purpose was to

> assist the State Board of Education in formulating minimum standards for quality educational experiences in all public programs at the kindergarten grade level.

Section 11.17(a). The Texas Education Agency, "with the advice of the council," was directed to develop standards

> for the certification of professional and para-professional personnel and for the accreditation of public kindergartens.

Section 11.17(f). The statute further provided that the "duration of the Advisory Council on Early Childhood Education shall not exceed four (4) years in length." Acts 1973, 63rd Leg., ch. 643, § 2, at 1762. You indicate that the Advisory Council, prior to the end of its mandate in 1977, developed and published recommendations to the TEA in compliance with section 11.17(f). You first ask whether the TEA is at present required to develop standards for certification pursuant to that statute.

In our opinion, the directive to TEA operates independently of the existence of the Advisory Council and survives that body's dissolution. The four-year limitation affects only the duration of the Advisory Council. If the council has furnished the requisite advice to TEA within the four-year period of its existence, we believe that TEA is required to develop standards for certification pursuant to section 11.17(f). The statute places no time limit upon TEA's compliance, but it seems clear that the legislature intended that TEA should comply within a reasonable time.

In 1977, however, the legislature amended section 16.056(g) of the Texas Education Code to read as follows:

> Each person employed in the public schools of this state who is assigned to a position classified at pay grade 4 or above for purposes of the Foundation School Program must be certified according to the certification requirements and/or standards for each position as established by the Central Education Agency. The board of trustees of each school district shall adopt policies establishing the requirements and specifying the duties of each person employed in a position classified at pay grade 1, 2, or 3.

Acts 1977, 65th Leg., 1st C.S., ch. 1, § 4, at 16. Thus, since September 1, 1977, TEA has been required to establish certification standards only for those positions classified at pay grade 4 or above. To the extent that professional and paraprofessional personnel employed in a public kindergarten occupy positions classified at pay grades 1, 2 or 3, the board of trustees of the particular district is now responsible for "establishing the requirements and specifying the duties" of those positions. For any position classified at pay grade 4 or above, TEA is still required to develop standards for certification under section 11.17(f). Although section 16.104(e), also enacted in 1977, states that the "qualifications and minimum salary levels of paraprofessional personnel for salary allotment purposes of this section shall be established by the commissioner of education," that section applies only to personnel employed in the "operation and maintenance of a program of special education" for "handicapped children," as defined in the statute.

You also ask whether section 11.17 authorizes or requires TEA to issue preliminary teaching certificates or paraprofessional teaching certificates. Section 11.17(e) directs TEA, "with the advice of the council," to "formulate minimum standards for the certification of teachers at the kindergarten grade level." Nothing in section 11.17, however, requires or even permits TEA to issue teaching certificates. The power to issue teaching certificates is conferred upon the commissioner of education "in compliance with the provisions of Chapter 13" of the Education Code. Section 11.52(g). Chapter 13 authorizes the creation of a board of examiners for teacher education, section 13.031(a), whose duty it is to advise the commissioner regarding the issuance of certificates. Section 13.032(b). Chapter 13 describes the requirements for obtaining various certificates. In our opinion, TEA is not empowered to issue any teaching certificates except in compliance with the provisions of Chapter 13. To the extent that section 11.17

contemplates the issuance of any other kind of certificate, we do not believe that TEA is the proper issuing authority.  Furthermore, as we have previously noted, since the enactment of section 16.056(g), the local board of trustees, rather than TEA, is responsible for establishing the requirements and setting the duties of all employees classified at pay grades 1, 2 or 3.

## SUMMARY

The duty of the Texas Education Agency [TEA] with regard to the development of standards for certification of professional and paraprofessional personnel employed in public kindergartens is limited to the development of certification standards for those positions classified at pay grade 4 or above and to the certification of employees occupying such positions.  TEA may issue any teaching certificate only pursuant to the provisions of Chapter 13 of the Education Code.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
Nathan Johnson
William G Reid
Bruce Youngblood